UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| RODNEY E. BROWN,<br><br>Plaintiff,<br><br>v.<br><br>MARIA GUTIERREZ, et al.,<br><br>Defendants. | No. 1:20-cv-00245-DAD-EPG (PC)<br><br>ORDER ADOPTING FINDINGS AND RECOMMENDATIONS<br><br>(Doc. Nos. 1, 13) |

Plaintiff Rodney E. Brown is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. This matter was referred to a United States Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

On March 2, 2020, the then-assigned magistrate judge screened plaintiff's complaint and found that plaintiff failed to state a cognizable claim upon which relief may be granted. (Doc. No. 8.) Plaintiff was provided with the applicable legal standards, mailed an amended civil rights complaint form, and directed to file an amended complaint within thirty (30) days of the order. (*Id*. at 9.) Plaintiff was also warned that if he failed to file an amended complaint as directed in the screening order, the then-assigned magistrate judge would recommend his action be dismissed. (*Id*. at 10.) Plaintiff failed to file an amended complaint; instead, on April 27, 2020, plaintiff filed objections to the screening order. (Doc. No. 12.)

/////

On June 25, 2020, the assigned magistrate judge issued findings and recommendations, recommending that this action be dismissed due to plaintiff's failure to state a cognizable claim upon which relief may be granted. (Doc. No. 13.) Following the granting of an extension of time in which to do so, plaintiff timely filed objections on August 14, 2020.[1] (Doc. No. 16.)

In his objections, plaintiff argues that the previously-assigned magistrate violated the Federal Rules of Civil Procedure, intentionally misunderstood plaintiff's factual allegations, and screened plaintiff's suit in a discriminatory and arbitrary fashion because it appeared to plaintiff "as if [the assigned magistrate judge] was aiming to cause the lawsuit to fail deliberately." (*Id*. at 1, 4.) Plaintiff also takes issue with the fact the previously assigned magistrate judge did not "re-screen" plaintiff's complaint when plaintiff requested that the magistrate judge do so and because plaintiff was not given an opportunity to amend. (*Id*. at 2–3.)

A review of the record reveals that plaintiff's inflammatory characterizations of the actions taken by the previously assigned magistrate judge are completely without merit. Plaintiff was afforded two opportunities to amend his complaint, in the initial screening order (Doc. No. 8) and in the pending findings and recommendations (Doc. No. 13 at 18, n.4); but plaintiff chose not to do so, instead choosing to level unfounded personal attacks at the magistrate judge overseeing his case. Moreover, plaintiff does not explain how he would cure the deficiencies in his complaint identified by the pending findings and recommendations, which determined plaintiff's Eighth Amendment retaliation claim was unsupported by any alleged connection between plaintiff's filing of an inmate grievance and his being denied parole. (*Id*. at 17.) Because petitioner's pending objections are unpersuasive and the analysis set forth in the pending findings and recommendations are supported by both the record and the law, the court will adopt the pending findings and recommendations in full.

In accordance with the provisions of 28 U.S.C. § 636 (b)(1)(C), this court has conducted a *de novo* review of the case. Having carefully reviewed the entire file, including plaintiff's

---

[1] On that same day, plaintiff also filed a notice of appeal. (Doc. No. 17.) The Ninth Circuit later dismissed that appeal for lack of jurisdiction, noting that a magistrate judge's findings and recommendations are not appealable. (Doc. Nos. 20, 21.)

objections, the court concludes that the magistrate judge's findings and recommendations are supported by the record and by proper analysis.

Accordingly,

1. The findings and recommendations issued on June 25, 2020 (Doc. No. 13), are adopted in full;
2. This action is dismissed, with prejudice, due to plaintiff's failure to state a cognizable claim upon which relief may be granted; and
3. The Clerk of the Court is directed to close this case.

IT IS SO ORDERED.

Dated: **March 11, 2021**

UNITED STATES DISTRICT JUDGE